■ In the Matter of the Claim of CHRISTOPHER A. BRIGNOLA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1967. On March 30, 1966 claimant, a temporary employee of the New York State Department of Labor as a boiler inspector, sustained a leg injury and was unable to return to work. On September 14 his employment was terminated when his position was filled by a permanent employee and he filed for unemployment insurance benefits on September 19. From the time of his injury until his discharge he was paid his full salary pursuant to the authority granted by section 6 (subd. 1, par. [c]) of the Civil Service Law whereunder the State promulgated a rule providing that when an employee is absent from duty because of an injury as defined in the Workmen's Compensation Law, and makes claim therefor, he may be paid full pay during his disability for a period not exceeding six months. (4 NYCRR 21.8 [a], [d], [f].) The record discloses that he applied for and received workmen's compensation benefits. The present controversy involves the earnings base rate upon which his unemployment benefits are to be computed. We cannot agree with claimant's contention that the board, in computing the base for his benefit rate, erroneously excluded the payments made to him by the State after March 30, 1966, the board properly finding that these do not constitute "remuneration" within the meaning of the law. Subdivision 2 of section 517 of the Labor Law provides in pertinent part that "Remuneration does not include: (a) The amount of any payment made to * * * any employee * * * under a plan or system established by an employer which makes provision for his employees generally * * * on account of * * * accident disability, or medical or hospitalization expenses in connection with sickness or accident disability, or death." The board has properly determined the benefit rate for

the claimant. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.